## UNITED STATES BANKRUPTCY COURT
## FOR THE STATE OF DELAWARE

IN RE: NEAL V. STUBBS, JR. and  )
      DEBORAH L. SHIELDS  ) Chapter 13
                                )
      Debtor(s)  )
                                ) Bk. Case No: 10-10218

### SECOND
### MODIFIED CHAPTER 13 PLAN

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL.BANKR. L.R. 3023-1**

The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer shall pay to the trustee the sum of $ <u>1727.37 (monthly) for 1 month, $1700.00 (monthly) for 1 month, $1433.93 (monthly) for 3 months, $1093.18</u> (monthly) for remaining 55 months of the 60 month confirmed plan.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

    1. Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

        (A) Debtor's Counsel Fees <u>$2700.00 (Tiffany A. Poole)</u>
            **Counsel fees to Tiffany Poole in the amount of $2700.00 shall be paid first, and then distributions shall subsequently be made under the plan as follows:**

        (B) Priority Taxes <u>$2200.67 DE Division of Revenue (06 and 08 state taxes), $6900.00 PA Dept of Revenue (00 through 03 state taxes), $714.30 New Castle County (09 to 10 sewer)</u>
        (C) Other Priority or Administrative Expenses <u>Debtors shall directly pay on their student loans with Sallie Mae and Suntech</u>

    2. (As applicable - Pro-rata with or subsequent to) dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

        (A) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY, to be paid to <u>Chase            $16,335.68  </u> (total amount of pre-petition arrears for real property located at 1220 Canvasback Dr.). Debtor shall continue to make regular post-petition payments directly to<u> Chase for first mortgage  </u>. This section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del.Bankr. L.R. 3023-1(b)(ii) and the parties shall be so governed.

(B) Secured Vehicle debt(910 car claim) - Pro-rata payments to: Santander for the 09 Chevrolet Traverse in the full amount of the vehicle claim Total payments will be $32,963.40( $28,078.72 at 6.5%)

(Bi) Secured Vehicle debt(910 car claim) - Pro-rata payments to: McKibbens Motors for the 04 Nissan Sentra in the full amount of the vehicle claim Total payments will be $5500.00($4762.14 at 5.5%)

(C) Other secured debt: The debt due to Beneficial in the amount of $103,498.36 to be treated as unsecured pursuant to the Proof of Claim filed by Beneficial. Upon completion of the plan, the lien will be marked as satsified.

3. Surrender - _____Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. §362 is terminated as to the property and any interest in the property. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

4. Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid [ ] a dividend of 100% of their allowed claim or [X] a pro-rata dividend of their allowed claim.

1. _____ BIOC
2. _____ Disp Income x 60 months as calculated under Section 1325(b), or [ ] a pro rata dividend, if any.

5. Title to the Debtor(s) property shall revest in the Debtor on confirmation of the plan.

6. Other special provision of the Plan: _____

7. A proof of claim must be filed in order to share in distributions under the plan. Proofs of claim in duplicate shall be delivered or mailed to Clerk, United States Bankruptcy Court, 824 Market Street, Wilmington, DE 19801.

| | |
|---|---|
| /s/ Neal V. Stubbs, Jr. | 10/12/2010 |
| Debtor's Signature | Date |
| /s/ Deborah L. Shields | 10/12/2010 |
| Co-Debtor's Signature | Date |
| /s/ Tiffany A. Poole | 10/12/2010 |
| Attorney For Debtor(s) | Date |